### The Eugene Glass Co. v. A. Vere Martin.

1. INSTRUCTIONS—*Should Omit Nothing Material.*—An instruction which assumes to embrace every element essential to a recovery, should omit nothing material.

2. SAME—*Should Not Be Misleading.*—An instruction which tells the jury that the defendant must prove his set-off by a preponderance of evidence, and if he has failed "then the jury have a right to disregard the same and find for the plaintiff the amount, if any, shown to be due him," etc., is misleading, as it might be understood by the jury that the plaintiff was entitled to recover because the defendant failed to prove his set-off by a preponderance of the evidence.

**Memorandum.**—Assumpsit for services. Appeal from the Circuit Court of Cook County; the Hon. ABNER SMITH, Judge, presiding. Heard in this court at the March term, 1894. Reversed and remanded. Opinion filed June 18, 1894.

The opinion of the court states the case.

WOOLFOLK & BROWNING, attorneys for appellant.

MANN, HAYES & MILLER, attorneys for appellee.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

A. Vere Martin about March 1, 1892, made a verbal con-

tract with the Eugene Glass Company, to go on the road for a year selling its glass. Martin was to travel nine months of the year and receive therefor a commission of fifteen per cent on all the sales made by the company within certain States.

Out of these commissions, Martin was to pay his traveling expenses.

It was insisted by the defendant that the plaintiff refused and failed to travel as he had promised.

The jury returned a verdict of over $1,500 for plaintiff, upon which there was judgment, and from which the defendant prosecutes this appeal.

As this case must be reversed and remanded, we refrain from commenting upon the evidence, other than to say that we think that the plaintiff failed to show that he had complied with his contract.

At the instance of the plaintiff the court gave the jury the following instructions :

" 1. The court instructs the jury that if they believe from the evidence in this case that the plaintiff, Martin, agreed with the defendant, as alleged in the declaration, to travel as its salesman, and that the defendant by its officers agreed to pay plaintiff for such services a commission of fifteen per cent on all orders within the territory mentioned in the declaration, and if the jury further find from the evidence that the said Martin performed his part of the agreement and that there is a balance due said Martin from the defendant for commissions, then the jury shall find for the plaintiff the amount due, as shown by the evidence.

" 3. The court instructs the jury, as a matter of law, that where the defendant files a notice of set-off, it must prove its claim by a preponderance of evidence, and unless the jury believe that the defendant in this case has proved its claim of set-off by a greater weight of all the evidence, then the jury have a right to disregard the same and find for the plaintiff the amount, if any, shown to be due him under the agreement for commissions, as appears from evidence in this case."

The allegation in the declaration is only inferentially of any agreement upon the part of the plaintiff. It is substantially that in consideration that the plaintiff at the defendant's request would travel nine months between the first day of March, 1892, and the 28th day of February, 1893, soliciting orders for and selling stained glass for the defendant, and paying his own necessary traveling expenses, the defendant would pay to the plaintiff fifteen per cent of the amount of certain orders by it received.

The first instruction authorizes a recovery if the jury believe the plaintiff performed his agreement to travel as the defendant's salesman. The plaintiff undertook in his declaration to set forth the consideration for the defendant's promise. The first question for the jury was whether there had been a failure of consideration—that is, did the plaintiff travel and solicit as it was understood he should. If a reference was to be made in an instruction to the declaration it should have been made in such manner that the consideration for the defendant's promise stated in the declaration would have been clearly understood by the jury. The instruction left the jury to infer that if the plaintiff merely agreed to travel as the defendant's salesman, and did so travel, he was entitled to recover.

The second instruction above noted very likely would be understood by the jury that the plaintiff was entitled to recover if the defendant failed to prove its set-off by a preponderance of all the evidence. Such an instruction should not have been given.

The judgment of the Circuit Court is reversed and the cause remanded.